IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| ROBERT J. McCORMACK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-07-518-S-BLW |
| | ) | |
| vs. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| CMS - CORRECTIONAL MEDICAL | ) | |
| SERVICES, MANWARING, | ) | |
| DAWSON, KENNEDY, GULICK, | ) | |
| MADLOCK, GLAZER, LANE, and | ) | |
| JOHN DOES I-XX, in their respective | ) | |
| employees and/or agents of CMS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The Clerk of Court previously conditionally filed Plaintiff's Complaint, subject to

review by the Court to determine whether Plaintiff is entitled to proceed in forma

pauperis and whether the Complaint is subject to summary dismissal under 28 U.S.C. §§

1915(e)(2) and 1915A.  Having reviewed the record, and otherwise being fully informed,

the Court enters the following Order.

## REVIEW OF COMPLAINT

**A.     Factual Allegations**

Plaintiff complains that he has received inadequate medical care at the prison for

chronic back pain.  He alleges that he has been denied surgery that prior doctors have

recommended.  He could not afford surgery prior to incarceration and was waiting and

**INITIAL REVIEW ORDER  1**

saving money to have surgery when he was not incarcerated, but now he alleges that he should be immediately entitled to that surgery at the expense of the State.  He sues Correctional Medical Services (CMS), a private entity which provides health care at the prison, as well as many of its employees.

**B.     Standard of Law**

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  28 U.S.C. § 1915.  The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

**C.     Eighth Amendment Claim**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

To state an Eighth Amendment claim regarding prison medical care, a complaint must contain facts alleging that prison officials' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)).  The Supreme Court has opined that "[b]ecause society does not expect that prisoners will

**INITIAL REVIEW ORDER  2**

have unqualified access to health care, deliberate indifference to medical needs amounts

to an Eighth Amendment violation only if those needs are 'serious.'"  *Id.*

> The Ninth Circuit has defined a "serious medical need" in the following ways:
> failure to treat a prisoner's condition [that] could result in further significant
> injury or the unnecessary and wanton infliction of pain; . . . [t]he existence
> of an injury that a reasonable doctor or patient would find important and
> worthy of comment or treatment; the presence of a medical condition that
> significantly affects an individual's daily activities; or the existence of
> chronic and substantial pain.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*,

*WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Deliberate indifference exists when an official knows of and disregards a serious

medical condition or when an official is "aware of facts from which the inference could

be drawn that a substantial risk of harm exists," and actually draws such an inference.

*Farmer v. Brennan,* 511 U.S. 825, 838 (1994).  Deliberate indifference can be

"manifested by prison doctors in their response to the prisoner's needs or by prison

guards in intentionally denying or delaying access to medical care or intentionally

interfering with the treatment once prescribed."  *Estelle v. Gamble*, 429 U.S. 97, 104-05

(1976).

Plaintiff refers to "constitutional" violations, but he does not allege the elements of

an Eighth Amendment claim in his Complaint.  It appears that he mentions the Eighth

Amendment elements in a "Memorandum in Support of 1983 Prisoners Civil Rights

Complaint," but this is procedurally improper.  He shall be given leave to file an amended

complaint containing all of his allegations.

**INITIAL REVIEW ORDER  3**

In order to proceed against CMS as an entity under § 1983, Plaintiff must state facts meeting the test articulated in *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 691-94 (1978).[1]  Under *Monell*, requisite elements of a § 1983 claim against a municipality or private entity performing a state function are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation.  *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001).  An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled city policy."  *Monell*, 436 U.S. at 691.  "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy."  *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) (citations omitted).

Plaintiff has not alleged facts sufficient to state a § 1983 policy- or custom-based claim against CMS. He may allege such facts in his amended complaint, or omit CMS as a defendant in the Eighth Amendment claim if he does not have sufficient factual allegations to support such a claim.

**D.    State Law Claims**

---

[1]*See, e.g., Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (cataloguing circuit court cases applying *Monell* to private entities).

**INITIAL REVIEW ORDER  4**

In addition to his federal claims, Plaintiff also brings state law claims of gross negligence,[2] intentional infliction of emotional distress,[3] and negligent infliction of emotional distress.[4]  Plaintiff has not stated sufficient facts to support his claims for emotional distress.  Plaintiff may amend his complaint to state particular facts that meet the elements of these state law causes of action or to omit these causes of action.  Even if

---

[2]  To prove negligence, a plaintiff must bring forward evidence showing the following: "(1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of the defendant's duty; (3) a causal connection between the defendant's conduct and the plaintiff's injury; and (4) actual loss or damage." *Nelson v. Anderson Lumber Co.*, 99 P.3d 1092, 1100 (Idaho Ct. App. 2004).  In addition, Idaho Code § 6-1001 provides for mandatory prelitigation screening by the Idaho Board of Medicine "in alleged malpractice cases involving claims for damages against physicians and surgeons practicing in the state of Idaho or against licensed acute care general hospitals operating in the state of Idaho."

[3]  A claim of intentional infliction of emotional distress requires proof of the following elements: (1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe. *Evans v. Twin Falls County*, 796 P.2d 87, 97 (1990).
The Idaho Supreme Court has explained,
"[a]lthough a plaintiff may in fact have suffered extreme emotional distress ... no damages are awarded in the absence of extreme and outrageous conduct by a defendant." *Edmondson*, 139 Idaho at 179, 75 P.3d at 740 (quoting *Brown v. Fritz*, 108 Idaho 357, 362, 699 P.2d 1371, 1376 (1985)). "Courts have required very extreme conduct before awarding damages for the intentional infliction of emotional distress." *Edmondson*, 139 Idaho at 180, 75 P.3d at 741. "Even if a defendant's conduct is unjustifiable, it does not necessarily rise to the level of 'atrocious' and 'beyond all possible bounds of decency' that would cause an average member of the community to believe it was 'outrageous.' " *Id.* (quoting *Ford v. Revlon, Inc.*, 153 Ariz. 38, 43, 734 P.2d 580, 585 (1987)).
*Estate of Becker v. Callahan*, 96 P.3d 623, 628 (2004). "Whether a defendant's conduct is so extreme and outrageous as to permit recovery is a matter of law." *Nation v. State, Dept. of Correction*, 158 P.3d 953, 968 (Idaho 2007) (citing *Edmondson*, 75 P.3d at 741).

[4]  To state a claim of negligent infliction of emotional distress, a plaintiff must show that he has suffered a physical injury *caused* by the negligently-inflicted emotional distress. *Evans v. Twin Falls County*, 796 P.2d at 95.

**INITIAL REVIEW ORDER  5**

Plaintiff includes them in his amended complaint, they may be subject to dismissal by motion of the Defendants if he does not have sufficient facts to support the elements of these claims.  In his amended complaint, Plaintiff should specify which particular causes of action are brought against which defendants.

**E.     Instructions for Amendment**

Plaintiff's amended complaint should be organized into separate causes of action, and for each cause of action he shall list the following: (1) the names of the persons who personally participated in causing the alleged deprivation of his constitutional rights; (2) facts showing the person is a state actor; (3) the dates on which the conduct of each defendant allegedly took place, (4) the specific conduct or action Plaintiff alleges is unconstitutional, (5) the particular constitutional provision under which Plaintiff makes the claim,[5] (6) the particular injury or harm suffered; and (7) the type of relief he is seeking from each Defendant

**F.     Motion to Proceed in Forma Pauperis**

In order for any litigant to file a civil complaint in federal court, that litigant must either pay the filing fee in full at the time of filing or seek in forma pauperis status, which allows the litigant to pay the filing fee over time.  In either case, the litigant must pay the full filing fee for having filed the complaint, regardless of whether that person's case is eventually dismissed or is unsuccessful.

---

[5]This format should be modified accordingly for state law claims asserted under the Court's pendent jurisdiction.

**INITIAL REVIEW ORDER  6**

Plaintiff has requested in forma pauperis status.  His prison trust statement shows that he has received over $3,000.00 in the past year.  His application, in contrast, states that he has received nothing from any source.  Plaintiff's request shall be denied because all of the necessities of life are paid for by the State, and it appears he receives adequate funds to pay for service of process and expenses related to his case.  Plaintiff shall pay the $350.00 filing fee no later than June 1, 2008.  He may pay it in increments.  Plaintiff shall be responsible for serving his amended complaint on the defendants within 120 days after it is filed, or his action will be dismissed without prejudice.

## G.      John Doe Defendants

If Plaintiff fails to supplement his amended complaint with the true names of the "John Doe" defendants and serve them within 180 days of this Order, claims against them shall be dismissed without prejudice.

## H.      Request for Temporary Relief

Plaintiff has also requested temporary relief.  The Court will not consider such requests made in the body of a complaint.  Such requests must be made by separate motion.  If Plaintiff wishes to file such a motion, he may, and he shall serve the motion on defendants with his amended complaint.

**INITIAL REVIEW ORDER  7**

# ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Proceed in Forma Pauperis (Docket No. 1) is DENIED.  Plaintiff shall pay the $350.00 filing fee no later than **June 1, 2008.**  He may pay it in increments.

IT IS FURTHER HEREBY ORDERED that Plaintiff shall file an amended complaint, using the guidelines set forth above, within thirty (30) days after entry of this Order, or this case shall be dismissed without prejudice.  Plaintiff shall be responsible for serving his amended complaint on the defendants within 120 days after it is filed, or his action will be dismissed without prejudice.  The contact attorney for CMS is John Burke, HALL, FARLEY, P.O. Box 1271, Boise, ID 83701.

IT IS FURTHER HEREBY ORDERED that Plaintiff shall file a supplement to show the true names of the John Doe Defendants and serve them with the amended complaint and supplement within 180 days of this Order, or claims against them shall be dismissed.

IT IS FURTHER HEREBY ORDERED that each party shall ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5.  Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made. The Court will not consider *ex parte* requests unless a motion may be heard *ex parte*

**INITIAL REVIEW ORDER  8**

according to the rules and the motion is clearly identified as requesting an *ex parte* order, pursuant to Local Rules of Civil Practice before the United States District Court for the District of Idaho 7.2.  ("*Ex parte*" means that a party has  provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

IT IS FURTHER HEREBY ORDERED that all Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1.  The Court will not consider requests made in the form of letters.

IT IS FURTHER HEREBY ORDERED that Plaintiff shall notify the Court immediately if his address changes.  Failure to do so may be cause for dismissal of this case without further notice.

DATED:  **December 18, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**INITIAL REVIEW ORDER  9**